**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**THURSTON MOTOR LINES, INC., Respondent.**

**No. 20820.**

United States Court of Appeals, Sixth Circuit.

April 30, 1971.

Stanley R. Zirkin, N. L. R. B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Leonard M. Wagman, Atty., N. L. R. B., Washington, D. C., on the brief, for petitioner.

J. W. Aexander, Jr., Charlotte, N. C., Blakeney, Alexander & Machen, Charlotte, N. C., of counsel, for respondent.

Before WEICK, CELEBREZZE, and MILLER, Circuit Judges.

PER CURIAM.

This cause is before the Court on the National Labor Relations Board's peti-

tion to enforce, and upon the Thurston Motor Lines, Inc.'s cross-petition to review, a Labor Board order requiring the Company to: reinstate employee Arnold M. Grisham with back pay, on the ground that he had been discharged in violation of Section 8(a) (1) of the Act, 29 § 158 (a) (1) (1964); to compensate employee Grady C. Camp, from whom, the Board found, the Company had withheld vacation pay in violation of section 8(a) (4), 29 U.S.C. § 158(a) (4) (1964); and to cease and desist from threatening and interrogating its employees in violation of section 8(a) (1).

At the oral argument of this cause, counsel for the Company conceded that vacation pay had been wrongfully withheld from employee Grady C. Camp. Counsel for the Board and counsel for the Company then agreed to stipulate that the Company will make full restitution to employee Camp, thereby mooting that part of the Board's order requiring payment of vacation benefits to him (Paragraph 2(d)).[1]

Upon consideration of the briefs of the parties, the record in this cause, and the oral arguments of counsel, we are of the further opinion that there is not substantial evidence on the record as a whole to support the Board's finding that employee Grisham was discharged in violation of Section 8(a) (1) of the Act. Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). Enforcement is, therefore, denied to that part of the Board's order requiring the Company to reinstate Grisham with back pay (Paragraphs 2(a), 2(b), 2(c), 2(e)). The Board's "Notice to Employees" is, accordingly, modified by the deletion of the first, second, and fourth full paragraphs.

The Court is of the opinion that the remainder of the Board's order is supported by substantial evidence on the rec-

---

1. After this case was argued and submitted, the Court was advised that on July 2, 1969 full restitution had been made to employee Camp.

ord as a whole, and is otherwise in accordance with law.

The Board's order is modified in accordance with this opinion, and, as modified, it is hereby enforced.